```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHARLIE LEE THOMAS,

                Petitioner,

vs.                                    Case No.   2:09-cv-790-FtM-29SPC

SECRETARY DEPARTMENT OF CORRECTIONS;
FLORIDA ATTORNEY GENERAL,

                Respondents.
_____

## **OPINION AND ORDER**

Petitioner Charlie Lee Thomas (hereinafter "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on November 30, 2009,[1] raising one ground challenging his plea-based conviction of burglary entered in the Twentieth Judicial Circuit, Charlotte County, Florida (case number 06-1489CF). Petition at 1. Pursuant to this Court's Order, Respondent filed a Response (Doc. #11, Response) in opposition to the Petition and attached supporting exhibits (Doc. #12, Vol. I-IV, Exhs. 1-7) consisting of the trial

---

[1]The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id.  Here, there is no prison date stamp, so the Court defers to the date Petitioner signed the Petition.

court's records and Petitioner's post-conviction records.[2] After being granted an enlargement of time, Petitioner filed a Reply (Doc. #14, Reply) in opposition to the Response. This matter is ripe for review.

**I.**

By an Information dated November 20, 2006, Petitioner was charged with burglary of a dwelling, grand theft, dealing in stolen property, possession of cocaine, and possession of paraphernalia. Exh. I, Vol. I at 6. Pursuant to a negotiated plea agreement, on July 17, 2007, Petitioner entered a *nolo contendere* plea to the burglary charge and the State *nolo prossed* the remaining counts. Exh. I, Vol. II at 251 (plea form); Exh. I, Vol. IV at 460. Additionally, it was agreed that Petitioner would receive a five-year sentence and would be adjudged a habitual felony offender. Id. at 460-61. Petitioner was given a two-day furlough and was forewarned that if he did not return to court for sentencing, he would be subjected to the maximum sentence permitted under the law as a habitual felony offender. Id. at 463. Petitioner also agreed pursuant to the plea that he would be foreclosed from withdrawing

---

[2]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system. Respondent's exhibits, however, were filed in paper format and not electronically scanned. Therefore, the Court refers to a particular document by the corresponding number of the exhibit and the bates stamp number for the pinpoint citation.

his plea if he did not return to the court for sentencing. Id. at 463.

The trial court held the plea colloquy at which Petitioner was placed under oath, Exh. I, Vol IV at 464; stated he was not under the influence of drugs, alcohol, controlled substances, or medication, which affected his ability to understand, id. at 469; stated he understood what he was doing in court, id., and, stated he understood the rights he was waiving by pleading *nolo contendere* to the charge, id. at 471-72. Petitioner also stated there were no promises made to him other than what had been stated in court, id. at 473, and identified the plea agreement that he signed, id. Petitioner testified that he understood the plea agreement, and that he was satisfied with his attorney, id. at 471. Petitioner affirmed that he understood that, pursuant to the plea form, he was pleading *nolo contendere*, and that he could be sentenced up to 30 years as a habitual felony offender if he did not appear back in court for sentencing, id. at 460, 464. Defense counsel stipulated to the factual basis for the charge presented by the State, id. at 484-85. At the conclusion of the plea colloquy, the trial court accepted Petitioner's *nolo contendere* plea, found that he entered the plea freely and voluntarily, adjudicated him guilty on the charge, and deferred sentencing until July 20, 2007. Id. While Petitioner stated on the record that he reserved for appeal the denial of his motion to suppress, Exh. I, Vol IV at 460, there was

no finding by the trial court that this matter was dispositive. See generally Id. After Petitioner failed to appear for sentencing, a bench warrant issued. Exh. I, Vol. II at 257-58. Petitioner was rearrested and sentenced as a habitual felony offender to fifteen-years in prison.

Petitioner filed a direct appeal challenging the trial court's denial of his motion to suppress his confession. Exh. 2. The State filed an Answer brief, arguing that the matter was not properly preserved for appeal because Petitioner's confession not dispositive of the case because there were two eye witnesses who saw Petitioner commit the burglary. Exh. 3 at 13. Alternatively, the State addressed the merits and argued that Petitioner's statement was voluntarily given to law enforcement. Id. The appellate court *per curiam* affirmed the state court's decision. Exh. 4.

## II.

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby,

339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Petitioner filed his timely[3] Petitioner after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action. Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

## A.  Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). A claimed

---

[3]Respondent concedes that the Petition is timely filed, Response at 4, and the Court agrees.

violation of state law is insufficient to warrant review or relief by a federal court under § 2254. Pulley v. Harris, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ on the basis of a perceived error of state law."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Waddington v. Sarausad, 129 S. Ct. 823, 832 n.5 (2009)(same); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000)(§ 2254 not enacted to enforce state-created rights). Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)(claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.)

**B.   Federal Claim Must Be Exhausted in State Court**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. § 2254(b)(1)(A).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A

procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

**C. Deference to State Court Decision**

A federal court must afford a high level of deference to the state court's decision. Harrington v. Richter, ____ U.S. ____, 131 S. Ct. 770, 786-787 (2011). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Berghuis v. Thompkins, 130 S. Ct. 2250, 2259 (2010). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits

which warrants deference. Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir. 2008); Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). When the last state court rendering judgment affirms without explanation, the Court presumes that it rests on the reasons given in the last reasoned decision. Powell v. Allen, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown v. Payton, 544 U.S. 133, 141 (2005); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)(citations omitted). Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has not yet decided whether a

petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption. Wood v. Allen, 130 S. Ct. 841, 848 (2010). In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001) (citation omitted).

### III. Discussion

In Response to the Petition, Respondent argues that Petitioner is procedurally barred from raising any claim that the trial court erred by denying his motion to suppress because: (1) Petitioner did not preserve this claim because there was no stipulation by the parties, nor a finding by the trial court, that Petitioner's motion to suppress was dispositive; (2) Petitioner did not present the federal dimension of this claim on direct appeal; and (3) Petitioner abandoned this ground for relief by his failure to abide to his plea terms and absconding before sentencing. Id. In the alternative, Respondent argues that the state courts properly denied Petitioner's motion to suppress his confession. Id. at 13.

**A. Procedural Default Based Upon Independent & Adequate State Law**

Respondent argues that Petitioner is procedurally defaulted from raising a claim concerning the trial court's denial of his motion to suppress Petitioner's confession because the parties never raised, nor did the trial court find, this matter was

dispositive. Response at 9. In other words, Respondent argues that the State never stipulated that it could not proceed with the prosecution of the case without the benefit of the confession prior to Petitioner entering a *nolo contendere* plea. Id. at 8. Respondent points to Florida case law and Florida Rule of Criminal Procedure 9.140(b)(2)(A)(i) and (ii). Id. (citing Brown v. State, 376 So. 2d 382, 384 (Fla. 1979); State v. Ashby, 245 So. 2d 225 (Fla 1971)(nolo plea); Blanco v. State, 752 So. 2d 79, 80 (Fla. 2d DCA 2000)(recognizing issue of whether a confession should be suppressed is dispositive when "the State stipulates that it could not proceed with the prosecution of the case without the benefit of the confession."). Petitioner disagrees and argues that his claim is not procedurally defaulted because the appellate court's decision did not "clearly and expressly" state that it was denying his claim as procedurally defaulted under Florida law. Reply at 3.

The rule set forth in Harris v. Reed, 489 U.S. 255 (1989) requiring that a state court's order "clearly and expressly" reject a claim on independent and adequate State grounds in order for a procedural default to attach applies only when the State court opinion rests primarily on federal law, or is interwoven with federal law, and the adequacy of the possible State law ground is not clear from the opinion. See Coleman v. Thompson, 501 U.S. 722, 734-735 (1991). Here, the appellate court order summarily rejected Petitioner's claim by its *per curiam* affirming of the trial court's

decision. The appellate court's order neither rested on federal law, nor was it interwoven with federal law. Thus, this Court cannot assume that if the appellate court explained its reasoning, it would have reached the merits of Petitioner's claim. Kight v. Singletary, 50 F.3d 1539, 1545 (11th Cir. 1995).

To the contrary, as raised in the State's brief on direct appeal, under Florida law Petitioner did not preserve his claim for appeal unless there was a finding that Petitioner's confession was dispositive of the case. Brown, 376 So. 2d 382, 385 (Fla. 1979). This rule is firmly established and regularly followed. Id.; see also First Amendment Foundation of Fla. Inc. v. State, 364 So. 2d 450 (Fla. 1978)(noting matter not dispositive of case is not proper for consideration on appeal from a *nolo contendere* plea); Blanco, 752 So. 2d at 80. Here, the transcript of the plea colloquy reveals that, although Petitioner reserved the right to appeal the trial court's denial of his motion to suppress, the record is devoid of any stipulation by the parties, or a finding by the trial court, that the denial of the motion to suppress was dispositive. Consequently, under Florida law, Petitioner was procedurally barred from raising the claim on direct appeal. Petitioner does not establish an exception to the exhaustion requirement: that cause for the procedural default exists, that actual prejudice results form the procedural default, or that review is necessary to correct a fundamental miscarriage of

justice.  Consequently, the Court denies Petitioner relief on this claim finding it is procedurally defaulted.

**B. Procedural Default Based on Petitioner's Failure to Exhaust Claim by Raising Federal Dimension of Claim before State appellate court**

As previously mentioned, Petitioner filed a brief on direct appeal challenging the trial court's denial of his motion to suppress.  See Exh. 2.  On direct appeal, however, Petitioner did not raise the federal dimension of his claim.  To present a federal constitutional claim properly in state court, "the petitioner must make the state court aware that the claims asserted present federal constitutional issues."  Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  Duncan v. Henry, 513 U.S. 364 (1995).  "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made."  Anderson v. Harless, 459 U.S. 4 (1982).  In fact, the appellate brief relies upon and cites to only Florida law.  See Exh. 2 at 16-19.  Petitioner did not cite to a single federal case in support of his claim.  See McNair, 416 F.3d at 1303-1304 (finding federal dimension of claim unexhausted when petitioner never cited any United States Supreme Court precedent or federal appellate court cases).  Petitioner only

references Miranda for purposes of describing the rights to which he was entitled. The Court finds such a general isolated reference wholly insufficient and exactly the type of "needle in the haystack" that the Eleventh Circuit has previously rejected as satisfying the exhaustion requirement. See Kelley, 877 F.3d at 1344. Thus, Petitioner did not satisfy the exhaustion requirement and would now be procedurally barred under Florida law from raising a federal claim before the State court. Sullivan v. Wainwright, 695 F.2d 1306, 1310 (11th Cir. 1983)(claims that should have been raised on direct appeal and were not are procedurally barred). Petitioner does not establish an exception to the exhaustion requirement: that cause for the procedural default exists, that actual prejudice results form the procedural default, or that review is necessary to correct a fundamental miscarriage of justice. Consequently, Petitioner's claim is procedurally defaulted.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of habeas Corpus (Doc. #1) is **DENIED with prejudice**.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(internal quotation marks and citation omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of February, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record